NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KAREN GRIGORYAN; et al., | ) | CASE NO. CV 18-1563-R |
| Plaintiffs, | ) ) ) | ORDER DENYING PLAINTIFF'S MOTION TO REMAND |
| v. | ) ) | |
| CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC; et al., | ) ) ) | |
| Defendants. | ) | |

Before the Court is Plaintiff's Motion to Remand, filed on August 16, 2018. (Dkt. 11). Having been thoroughly briefed by the parties, this Court took the matter under submission on October 10, 2018.

On December 1, 2017, Plaintiff Karen Grigoryan ("Plaintiff"), individually and on behalf of all others similarly situated, filed a purported Class Action Complaint against Defendants in the Superior Court of the State of California, County of San Bernardino. On February 5, 2018, Plaintiff filed a First Amended Class Action Complaint against Defendants. On March 26, 2018, the San Bernardino County Superior Court granted Plaintiff leave to file a Second Amended Complaint. Plaintiff's Second Amended Class Action Complaint alleges claims of failure to provide meal periods, failure to authorize and permit rest periods, failure to provide accurate itemized wage statements, unfair competition, and penalties under the Private Attorneys General

Act of 2004 (PAGA). On July 20, 2018, Defendants filed a Notice of Removal, alleging jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Plaintiff now moves to remand for lack of jurisdiction under CAFA.

Removal is proper if the action could have originally been filed in federal court. 28 U.S.C. § 1441(a). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). Federal subject matter jurisdiction depends upon the circumstances that exist at the time of removal. *Sparta Surgical Corp. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 908 F.2d 564, 566 (9th Cir. 1992).

Based on 28 U.S.C. § 1332(d) under CAFA, the district court is vested "with 'original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which' the parties satisfy, among other requirements, minimal diversity." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676. 680 (9th Cir. 2006). Under this rule, CAFA vests district courts with original jurisdiction over class actions in which (a) the putative class consists of more than 100 members; (b) any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) the matter in controversy exceeds the aggregates sum or value of $5,000,000. 28 U.S.C. § 1332(d).

Here, Plaintiff does not contest that the parties are diverse or that there is sufficient numerosity for the putative Class under CAFA. Plaintiff specifically challenges removal jurisdiction alleging that Defendants have failed to satisfy CAFA's amount in controversy requirement. Plaintiff argues that Defendants' contention that the aggregate amount to be recovered by Plaintiff and the other putative class members exceeds the sum of $5 million is an inaccurate assumption based on erroneous calculations which are supported by conclusory and speculative assertions. However, this Court is not persuaded by Plaintiff's argument. However, this Court agrees with Defendants that Defendants' Notice of Removal established the amount in controversy to total at least an estimated $5,276,960, based on the allegations pled in Plaintiff's Second Amended Complaint for the First, Second, and Third Causes of Action. Plaintiff contends

that Defendants' amount in controversy falls short of the excess of $5 million threshold by, at most, $56,631.40. This Court finds that the amount in controversy is established by Plaintiff's own calculations pursuant to Ninth Circuit precedent. The Ninth Circuit has held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met. *Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). In the Second Amended Complaint and Prayer for Relief, Plaintiff claims an award of attorneys' fees for his Third Cause of Action (alleged failure to provide wage statements) and for his Fourth Cause of Action (alleged violation of the Unfair Competition Law). The disputed remaining amount in controversy (at most $56,631.40) would be satisfied by attorneys' fees for prosecuting the Third and Fourth Causes of Action on behalf of himself and the putative class as evidenced by Defendants' Opposition to Plaintiff's Motion to Remand. Thus, the amount in controversy required by CAFA has been satisfied.

Next, Plaintiff challenges Defendants' removal based on the "local controversy" exception to CAFA. This exception requires federal courts to decline to exercise jurisdiction over class actions where all of the following conditions are met: (I) greater that two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the state in which the action was originally filed; (II) at least one defendant is a defendant (aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the state in which the action was originally filed; and (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the state in which the action was originally filed; and during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons. See 28 U.S.C. § 1332(d)(4)(A). "[T]o fulfill the local defendant requirement of the exception, [the local defendant] must be the primary focus of the claims." *Busker v. Wabtec Corp.*, No. 2:15-cv-08194-ODW-AFM, 2016 WL 953209 at *6 (C.D. Cal. 2016). Where the plaintiff has failed to plead specific allegations regarding the local defendant's role in the conduct, the plaintiff did not meet his burden to show that the local

1 defendant's conduct was "significant basis." *Id.*

2 Plaintiff argues that the exception applies, alleging that all members of the putative class are citizens of California, Defendant Max Pina is also a citizen of California, the alleged injuries occurred entirely in California, and no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of Plaintiff or putative class members during the 3-year period preceding the filing of this action. However, Plaintiff's argument fails. Defendant Max Pina is referenced in only a single paragraph of the Second Amended Complaint. Pina served as manager of only one of 10 regions in CEMEX's California ready-mix operations, managing on five out of fifty-one plants. In addition, Plaintiff alleges only that Pina controlled the hours and working conditions of the region where Plaintiff and class members worked. Plaintiff does not show that Pina is a defendant from whom "significant relief" is sought, or "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class. 28 U.S.C. § 1332(d)(4)(A). Therefore, the local controversy exception has not been satisfied.

Finally, Plaintiff argues that Defendants' removal was untimely. The 30-day time periods under 28 U.S.C. §§1446(b)(1) and (b)(3) are not triggered unless the initial pleading or another document provided by Plaintiff affirmatively "reveals on its face that . . . there was sufficient amount in controversy to support jurisdiction under CAFA." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124 (9th Cir. 2013). "As long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014).

///
///
///
///
///
///

4

Here, the Second Amended Complaint does not state an amount in controversy for the first four causes of action except to state in its Prayer for Relief for the Fourth Cause of Action that Plaintiff seeks "an amount according to proof, but not less that $3,000,000." Thus, the pleading does not reveal on its face that the amount in controversy met CAFA's threshold.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is DENIED. (Dkt. 11).

Dated: October 16, 2018

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE