UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN GRIGORYAN, | CASE NO. EDCV 18-1563-R |
| Plaintiff, | ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT |
| v. | |
| CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC; et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Approval of Settlement, filed on April 22, 2019. (Dkt. No. 40).

Plaintiff Karen Grigoryan ("Plaintiff") brought this action under the California Private Attorneys General Act ("PAGA") alleging that Defendants violated the California Labor Code by engaging in a uniform policy and systematic scheme of wage abuse against hourly, non-exempt driver employees by, *inter alia*, failing to provide compliant meal and rest periods and associated premiums and failing to provide complete and accurate itemized wage statements. Plaintiff now moves for approval of the parties' settlement of this action. As fully explained in the parties' Joint Stipulation of Settlement and Release, the settlement agreement provides for a maximum settlement amount of $700,000, to be distributed as follows: (1) 33.33% of the maximum settlement amount, which is $233,333.33, for Plaintiff's attorneys' fees; (2) $20,865.41 in

litigation costs incurred as of the date of the Motion, with a maximum of up to $40,000; (3) $9,997.50 in settlement administration costs, with a maximum of up to $15,000, to settlement administrator ILYM Group, Inc.; (4) an incentive award to Plaintiff Grigoryan of $15,000; and (5) a net settlement amount of $420,803.76.  The portion of the net settlement amount payable to each aggrieved employee is to be calculated as follows: (i) 50% for alleged unpaid wages and interest under California Labor Code Section 558 on an equal pro rata basis to Plaintiff and the aggrieved employees in the amount of $210,401.88 ($420,803.76 x 50%); and (ii) 50% for alleged penalties and interest under PAGA and Labor Code Section 558 (total $210,401.88), 75% of which will be paid to the California Labor and Workforce Development Agency ("LWDA") in the amount of $157,801.41 ($210,401.88 x 75%), and 25% of which will be distributed on an equal pro rata basis to Plaintiff and the aggrieved employees in the amount of $52,600.47 ($210,401.88 x 75%).  The aggrieved employees covered by the terms of the settlement are "all current and former non-union employees identified by CEMEX Construction Materials Pacific, LLC, including Plaintiff, who worked as a non-union ready-mix driver for CEMEX Construction Materials Pacific, LLC in California, at any time, during the time period from December 1, 2016 through the date of entry of a Court order granting approval of this Settlement."  Based on the information provided by Defendants, as of the date of execution of the settlement agreement, Plaintiff states that there are approximately 592 aggrieved employees under this definition.  Defendants agreed further to pay separate and apart from the maximum settlement amount its share of the employer's payroll taxes on the wage portion of the settlement.

       PAGA allows an aggrieved employee to bring a civil action on behalf of him- or herself and on behalf of other aggrieved employees and the State of California to recover civil penalties which, outside of PAGA, only the LWDA can assess and collect from an employer.  Cal. Lab. Code § 2699(a).  The settlement of a PAGA action requires court approval.  Cal. Lab. Code § 2699(*l*)(2).  However, settlement of a PAGA action is not subjected to the same requirements as a class action settlement where, as here, the case has not been certified as a class action.  *See Arias v. Superior Court*, 46 Cal. 4th 969, 980-88 (2009).  A Court reviewing a PAGA settlement need only "ensur[e] that a negotiated resolution is fair to those affected."  *Williams v. Superior Court*, 3

1    Cal. 5th 531, 549 (2017) (citing Cal. Lab. Code § 2699(*l*)(2)).  Although the Labor Code does not
2    explicitly set forth the criteria on which the fairness of a PAGA settlement is to be judged, district
3    courts have approved settlements of PAGA claims under similar circumstances.  *See, e.g.*, *Jordan*
4    *v. NCI Grp., Inc.*, 2018 WL 1409590, at *5 (C.D. Cal. Jan. 5, 2018); *Hernandez v. Best Buy*
5    *Stores, LP*, 2017 WL 2445438, at *3 (S.D. Cal. June 6, 2017).  "[T]he court is free to engage in a
6    balancing and weighing of factors depending on the circumstances of each case."  *Wershba v.*
7    *Apple Comput., Inc.*, 91 Cal. App. 4th 224, 245 (2001) (overruled on other grounds by *Hernandez*
8    *v. Restoration Hardware, Inc.*, 4 Cal. 5th 260, 269 (2018)).

9    The reasonableness of a PAGA settlement is determined with the purpose of PAGA in
10   mind, which is "to incentivize private parties to recover civil penalties for the government that
11   otherwise may not have been assessed and collected by overburdened state enforcement agencies."
12   *Ochoa-Hernandez v. CJADERS Foods, Inc.*, 2010 WL 1340777, at *4 (N.D. Cal. Apr. 2, 2010)
13   (citing *Arias*, 46 Cal. 4th at 986).  In furtherance of this purpose, penalties recovered under PAGA
14   are, in part, "distributed to the [LWDA] for enforcement of labor laws . . . and for education of
15   employers and employees about their rights and responsibilities" under the Labor Code.  *See* Cal.
16   Lab. Code § 2699(g).

17   "[A] presumption of fairness exists where: (1) the settlement is reached through arm's-
18   length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to
19   act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors
20   is small."  *Wershba*, 91 Cal. App. 4th at 245.  Here, the settlement was reached through arm's-
21   length bargaining with the assistance of an experienced mediator during a full day mediation
22   session.  The settlement was agreed to after months of discovery and filings with this Court,
23   allowing the parties' counsel and this Court to make intelligent and reasoned determinations
24   regarding the settlement.  Both parties' attorneys are experienced in similar litigation and
25   demonstrated their competence during this case.  Finally, there are no objectors since this is not a
26   class action.

27   Plaintiff's Motion contains a candid discussion of the strengths and weaknesses of each
28   side's case, as well as elements of uncertainty in the case.  In light of the complexity, risk, and

1  expense of further litigation, the settlement is fair and reasonable and otherwise promotes the
2  purpose of PAGA.
3        Plaintiff's counsel's requested fee of 33.33% of the maximum settlement amount, or
4  $233,333.33, is reasonable. This amount is approximately $63,000 less than the fees actually
5  incurred by Plaintiff's counsel to date. Moreover, the amount is on par with attorneys' fees
6  awarded under similar circumstances. *See, e.g.*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454,
7  457 (9th Cir. 2000); *In re Pacific Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995). It is
8  common for a court to award attorneys' fees above the Ninth Circuit's 25% benchmark in cases
9  where the common fund is less than $10 million. *See Craft v. County of San Bernardino*, 624 F.
10 Supp. 2d 1113, 1127 (C.D. Cal. 2008).
11       Plaintiff's counsel also requests reimbursement of litigation costs in the amount of at least
12 $20,865.41, with a cap of $40,000 to account for any fees incurred after the filing of this Motion.
13 This amount is fair and reasonable. The parties' settlement administration costs of $9,997.50,
14 with a maximum of up to $15,000, are likewise fair and reasonable.
15       Finally, "named plaintiffs, as opposed to designated class members who are not named
16 plaintiffs, are eligible for reasonable incentive payments." *Staton v. Boeing Co.*, 327 F.3d 938,
17 977 (9th Cir. 2003). Such awards "are intended to compensate class representatives for work done
18 on behalf of the class, to make up for financial or reputational risk undertaken in bringing the
19 action, and, sometimes, to recognize their willingness to act as a private attorney general."
20 *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). Here, although this is not
21 a class action, the same factors weigh in favor of granting a reasonable incentive payment. The
22 named Plaintiff here engaged in approximately 30 hours of work in this case according to
23 counsel's estimate, took on significant financial and career-related reputational risk, and
24 demonstrated his willingness to act as a private attorney general rather than purely for his own
25 benefit. In light of these factors, Plaintiff's requested incentive award is fair and reasonable.
26 ///
27 ///
28 ///

4

1 **IT IS HEREBY ORDERED** that Plaintiff's Motion for Approval of Settlement is
2 GRANTED. (Dkt. No. 40). The Court hereby approves the proposed settlement upon the terms,
3 conditions, and all release language set forth in the Joint Stipulation and Settlement Agreement
4 attached to the Declaration of James Hawkins as Exhibit 1. (Dkt. No. 40-1).
5 Dated: May 21, 2019

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE